972 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Mesa AYALA, Defendant-Appellant.
 No. 91-30194.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 7, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Mesa Ayala appeals his sentence, imposed under the United States Sentencing Guidelines (Guidelines), following his plea of guilty to distributing over 500 grams of cocaine and 75 grams of heroin in violation of 21 U.S.C. § 841(a)(1). Ayala claims, first, that his prosecution by federal, rather than state, authorities violated due process; and, second, that his 78-month sentence constitutes cruel and unusual punishment in violation of the eighth amendment. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 Cooperation between state and federal authorities to suppress the trafficking and abuse of controlled substances does not violate due process. United States v. Figueroa-Soto, 938 F.2d 1015, 1020 (9th Cir.1991), cert. denied, 112 S.Ct. 1181 (1992). Absent proof of illegal discrimination in a state's decision to refer a defendant for federal prosecution, we may not review the charging decision. United States v. Nance, 962 F.2d 860, 865 (9th Cir.1992) (per curiam).
 
 
 4
 The statutory imposition of penalties according to quantity rather than purity of narcotics does not violate the eighth amendment or the due process clause. Harmelin v. Michigan, 111 S.Ct. 2680 (1991); United States v. Klein, 860 F.2d 1489, 1500 (9th Cir.1988) (analyzing 21 U.S.C. § 841).. A constitutional sentence within the Guidelines range cannot be reviewed. United States v. Corley, 909 F.2d 359 (9th Cir.1990).
 
 
 5
 Here, Ayala pleaded guilty to two federal crimes, each of which exposed him to a possible sentence under the Guidelines of 78-97 months' imprisonment. The district court sentenced him to concurrent terms of 78 months. Ayala has not raised a claim of discrimination based on a suspect characteristic, nor shown that the district court's sentence was unconstitutional. Accordingly, we decline to review either claim he raises, and we uphold his sentence.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3