979 F.2d 856
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Randy Ray MILLER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin Lee CODY, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tony Leo PATTERSON, Defendant-Appellant.
 Nos. 91-30330, 91-30371 and 91-30410.*
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 3, 1992.
Decided Nov. 20, 1992.
 
 Before TANG, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Randy Ray Miller, Kevin Lee Cody and Tony Leo Patterson (Defendants) challenge their convictions on the grounds that the prosecution was vindictive, selective and arbitrary. Miller and Cody also attack the district court's application of the Sentencing Guidelines. We affirm.
 
 BACKGROUND FACTS
 
 3
 An Oregon grand jury returned an indictment on February 1, 1991, charging Defendants with conspiracy, attempted manufacture and attempted delivery of a controlled substance in furtherance of a "scheme or network." Defendants entered not guilty pleas, and trials were set for March 1991. On February 6, 1991, the Oregon Court of Appeals determined that the "scheme or network" language of the sentencing statute was unconstitutionally vague. Oregon v. Moeller, 806 P.2d 130, 133 (Or.Ct.App.), review dismissed, 815 P.2d 701 (1991). The effect of this decision was to reduce Defendants' potential sentences from two years to sixty days.
 
 
 4
 On February 27, 1991, a federal indictment was returned charging Defendants with conspiracy to manufacture, possess with intent to distribute, and distribute methamphetamine, in violation of 21 U.S.C. § 846, and with carrying a firearm in connection with a drug trafficking crime, in violation of 18 U.S.C. §§ 2, 924(c)(1). The state indictment was dismissed the following day.
 
 
 5
 Defendants filed motions to dismiss the indictment on the grounds that the federal prosecution was vindictive, selective and arbitrary because it was commenced after the entry of not guilty pleas in the state cases and after the state court invalidated the sentence enhancement statute. The district court denied the motions to dismiss. Miller and Cody pleaded guilty and Patterson was convicted by a jury. They were sentenced to 240, 200 and 210 months, respectively.
 
 DISCUSSION
 
 6
 I. Vindictive, Selective and Arbitrary Prosecution
 
 
 7
 A vindictive prosecution claim rests on the principle that due process is violated when the government retaliates against a defendant for exercising a statutory, procedural or constitutional right. E.g., Blackledge v. Perry, 417 U.S. 21, 27, 94 S.Ct. 2098, 2102, 40 L.Ed.2d 628 (1974).
 
 
 8
 Defendants do not state a claim for vindictive prosecution. At most, Defendants exercised their rights to plead not guilty and to refuse a plea agreement. But there is no appearance of vindictiveness when a defendant refuses to plead guilty and additional, more serious charges are then filed. E.g., Bordenkircher v. Hayes, 434 U.S. 357, 364-65, 98 S.Ct. 663, 668-69, 54 L.Ed.2d 604 (1978); United States v. Goodwin, 457 U.S. 368, 382, 102 S.Ct. 2485, 2493, 73 L.Ed.2d 74 (1982); United States v. Gallegos-Curiel, 681 F.2d 1164, 1169 (9th Cir.1982).
 
 
 9
 Vindictiveness is unlikely when separate sovereigns bring the charges. E.g., United States v. Ballester, 763 F.2d 368, 370 (9th Cir.), cert. denied, 474 U.S. 842, 106 S.Ct. 126, 88 L.Ed.2d 103 (1985). Defendants insist that, with respect to their prosecution, Multnomah County and the U.S. Attorney were acting as one sovereign. However, cooperation between state and federal authorities in investigating and trying a case does not mean that the two are acting as a single sovereign. United States v. Figueroa-Soto, 938 F.2d 1015, 1018-19 (9th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 1181, 117 L.Ed.2d 424 (1992). At most, only cooperation is shown here.
 
 
 10
 Moreover, no due process violation arises from a decision to refer a case for federal, rather than state, prosecution in order to make use of the harsher penalties available under federal law. United States v. Nance, 962 F.2d 860, 865 (9th Cir.1992).
 
 
 11
 Defendants have not identified any suspect classification, such as race, religion, gender or similar characteristic, which would support a claim of selective prosecution. Thus, the court has no authority to inquire into the prosecutor's charging decisions based on allegations that the prosecution was arbitrary and capricious. E.g., United States v. Sitton, 968 F.2d 947, 953 (9th Cir.), cert. denied, No. 92-6112, 1992 WL 289332 (Nov. 9, 1992); United States v. Diaz, 961 F.2d 1417, 1420 (9th Cir.1992); Nance, 962 F.2d at 865. The district court therefore properly denied Defendants' claims of selective and arbitrary prosecution.
 
 II. Sentencing Issues
 
 12
 Miller challenges the district court's application of the Sentencing Guidelines. First, he argues that the district court erred in determining that the drug lab was capable of producing 9.09 kilograms of methamphetamine. However, although the court concluded that the information before it demonstrated a larger operation which warranted a higher offense level, the court departed downward an extra two points for the express purpose of treating the laboratory as if it were limited to 1-3 kilograms of production. Defendant suffered no adverse consequence, and we need not resolve the issue.
 
 
 13
 Second, Miller asserts that the district court erred in computing his Criminal History Category by counting separately two related convictions in 1987 which were part of a single scheme or plan, within the meaning of U.S.S.G. § 4A1.2(a)(2). However, even if the court did err, Miller's offense level would remain as a category VI. Again, he suffered no adverse consequence, so we decline to resolve the issue.[1]
 
 
 14
 Cody's contention that the district court erred in refusing to give him credit for time served between the date of his arrest and return of the federal indictment is meritless. The district court has no authority to determine credit under 18 U.S.C. § 3585(b); the Attorney General computes the amount of the credit after a defendant begins his sentence. United States v. Wilson, --- U.S. ----, 112 S.Ct. 1351, 1354, 117 L.Ed.2d 593 (1992).
 
 
 15
 The claim of Miller and Cody that their sentences are unlawfully disproportionate likewise has no merit. The Sentencing Guidelines do not require equalization of sentences between codefendants. The sentences imposed were proper under the Guidelines. United States v. Carpenter, 914 F.2d 1131, 1135-36 (9th Cir.1990).
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4; Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 While some references have been made to the career offender provisions, Miller was not sentenced as a career offender