990 F.2d 1261
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey Ralph BYE, Defendant-Appellant.
 No. 92-10417.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 6, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jeffrey Ralph Bye appeals from his conviction, following entry of a conditional guilty plea, for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Bye argues that the district court erred by denying his motion to suppress the evidence because the police officer lacked reasonable suspicion for the initial stop and subsequent frisk. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo the district court's denial of a motion to suppress evidence. United States v. Hall, 974 F.2d 1201, 1204 (9th Cir.1992). We review de novo whether there was reasonable suspicion to justify a seizure, United States v. Harrington, 923 F.2d 1371, 1373 (9th Cir.), cert. denied, 112 S.Ct. 164 (1991), and subsequent frisk. United States v. Salas, 879 F.2d 530, 535 (9th Cir.), cert. denied, 493 U.S. 979 (1989). We review for clear error the district court's factual findings. United States v. Nance, 962 F.2d 860, 862 (9th Cir.1992).
 
 
 4
 * Investigatory Stop
 
 
 5
 Bye argues that a seizure occurred for Fourth Amendment purposes when the officer initially stopped him, before the officer observed that he appeared nervous. We need not address this argument because we conclude that reasonable suspicion existed in the absence of Bye's nervousness.
 
 
 6
 A seizure or investigatory stop must be justified by "a particularized and objective basis for suspecting the particular person stopped of criminal activity." United States v. Thomas, 863 F.2d 622, 625 (9th Cir.1988) (citations omitted). In determining whether a seizure was justified by reasonable suspicion, we must consider the "totality of the circumstances--the whole picture." United States v. Hernandez-Alvarado, 891 F.2d 1414, 1416 (9th Cir.1989) (citations omitted).
 
 
 7
 Here, the video store clerk reported that suspicious activity had been taking place around a store for a long period of time. The officer knew the clerk to be reliable. The store was in an area that the officer knew to have a high petty crime rate and the activity was taking place at a late hour. When the officer passed by the store, he was unable to see the clerk inside, prompting him to fear that a robbery had already occurred. Taken together, these factors provided the officer with reasonable suspicion that an individual fitting Bye's description may have been engaged in criminal activity, justifying the stop. See United State v. Ramirez-Sandoval, 872 F.2d 1392, 1395 (9th Cir.1989) (reasonable suspicion existed where police officer received information from reliable individuals that suspicious activity was taking place in area known by officer to be popular for drug dealing, officer was aware that described activity was a common mode of operation for area dealers, and activity took place only when the officer was off-duty); see also Terry v. Ohio, 392 U.S. 1, 6 (1968).
 
 II
 The Frisk
 
 8
 Bye also argues that the subsequent frisk was not supported by reasonable suspicion. This contention lacks merit.
 
 
 9
 "If [an investigatory] stop is based on founded suspicion and the officer has reason to believe that the suspect is armed and dangerous, the officer may conduct a limited weapons search." United States v. Thomas, 863 F.2d at 628 (9th Cir.1988) (citations omitted).
 
 
 10
 Here, Bye's suspicious activity and the officer's inability to see the clerk when he passed the store suggested that Bye may have been about to commit or already committed a robbery, making it reasonable for the officer to assume that Bye would be armed. The officer also observed that Bye appeared nervous during the course of the encounter. Taken together, these factors provided the officer with reasonable suspicion that Bye was armed and dangerous, justifying the frisk. See United States v. Alvarez, 899 F.2d 833, 839 (9th Cir.1990) (frisk justified where corroborated details of anonymous tip noted by police officers allowed them to form reasonable suspicion that suspect was armed with explosives and officers observed large bulge underneath suspect's jacket). Therefore, the district court did not err by denying Bye's motion to suppress the evidence. See Hall, 974 F.2d at 1204.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3