990 F.2d 1262
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David GRAIBE, Defendant-Appellant.
 No. 92-55481.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1993.*
Decided April 7, 1993.
 
 1
 Before: NOONAN and LEAVY, Circuit Judges, and TANNER,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 The appellant was indicted by a federal grand jury for conspiring to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 846; attempting to distribute nine kilograms of cocaine in violation of 21 U.S.C. § 846; and distributing approximately 14,900 grams of cocaine in violation of 21 U.S.C. § 841(a)(1). The appellant pleaded guilty unconditionally to a first superceding information charging him with distributing more than 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1). He received a ten year prison sentence.
 
 
 4
 The appellant moved to vacate his sentence pursuant to 28 U.S.C. § 2255. The motion was denied. Appellant timely appeals, claiming: (1) the federal court did not have jurisdiction over his offense; (2) he was selectively prosecuted because federal drug penalties are stiffer than state drug penalties and because he is a Latino; and (3) the government's conduct was outrageous for conspiring with an informant to purchase drugs from him and his codefendants. Each of these arguments is frivolous.
 
 Whether the Federal Court Had Jurisdiction
 
 5
 Pursuant to 18 U.S.C. § 3231, federal district courts have original jurisdiction, exclusive of the courts of the States, over all offenses against the laws of the United States. The appellant pleaded guilty to distributing cocaine in violation of 21 U.S.C. § 841(a)(1), which is an offense against the United States. The district court therefore had jurisdiction over the offense to which the appellant pleaded guilty. See United States v. Sitton, 968 F.2d 947, 953 (9th Cir.1992), cert. denied sub nom. 113 S.Ct. 478 (1992).
 
 
 6
 Whether There Was Selective Prosecution Because Appellant Is Latino
 
 
 7
 We have held that a prosecutor's charging decision cannot be judicially reviewed absent a prima facie showing that the decision rested on an impermissible basis, such as race. Sitton, 968 F.2d at 953 (citing cases). The appellant makes only a conclusory allegation that he was charged in federal court because he is Latino. Conclusory allegations are not sufficient for a prima facie showing that a decision to prosecute was impermissibly based on race.
 
 
 8
 Whether There Was Selective Prosecution Because Federal Drug
 
 Penalties Are Stiffer Under the Guidelines
 
 9
 The appellant voluntarily and unconditionally pleaded guilty to distributing cocaine. He may not now "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). Moreover, "there are no grounds for finding a due process violation, even when the motive for federal prosecution is that harsher sentences are possible." United States v. Nance, 962 F.2d 860, 865 (9th Cir.1992).
 
 
 10
 Whether There Was Outrageous Government Conduct
 
 
 11
 The appellant is barred from claiming there was any outrageous government conduct. His guilty plea resulted in a waiver of a right to such a claim. See United States v. Montilla, 870 F.2d 549, 552-553 (9th Cir.1989) (guilty plea resulted in waiver of right to make a later claim of outrageous government conduct).
 
 
 12
 The district court did not err in denying the appellant's motion to vacate his sentence under 28 U.S.C. § 2255.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3