21 F.3d 1116
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Steven AUSMUS, Defendant-Appellant.
 No. 91-10387.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 28, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Steven Ausmus appeals his convictions following jury trial for conspiracy to manufacture marijuana in violation of 21 U.S.C. Sec. 846 and aiding and abetting the manufacture of marijuana in violation of 18 U.S.C. Sec. 2 and 21 U.S.C. Sec. 841(a)(1). Ausmus contends that the district court should have instructed the jury on (1) accessory after the fact and (2) prosecutorial misconduct. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 * Accessory After the Fact
 
 
 4
 Ausmus contends that the district court should have instructed the jury on the lesser included offense of accessory after the fact. This argument lacks merit.
 
 
 5
 We review for plain error because Ausmus did not request the instruction. See United States v. Boone, 951 F.2d 1526, 1541 (9th Cir.1991). An instruction for accessory after the fact is not required when the evidence shows that the defendant participated in the charged offense. See United States v. Jackson, 448 F.2d 963, 971 (9th Cir.1971), cert. denied, 405 U.S. 924 (1972).[1]
 
 
 6
 Here, the evidence established that Ausmus was a partner in the conspiracy and manufacturing of marijuana from the outset. He taught Timothy Wolford how to harvest the plants in August 1986. He exercised an option to buy the property on which the marijuana was manufactured in January 1988. He paid the electricity bills on the barn in which the plants were grown, though not the house on the property, from September 1986 to November 1988. In January 1989, he visited Nancy Henderson to acquire clone plants. Because the evidence shows that Ausmus participated in the offenses themselves, we conclude the district court did not commit plain error by failing to instruct the jury on accessory after the fact. See id. (defendant who was connected to actual offense not entitled to accessory after the fact instruction).
 
 II
 
 7
 Refusal to Instruct Jury on Prosecutorial Misconduct
 
 
 8
 Ausmus argues that the district court abused its discretion by not giving a proposed jury instruction as a sanction for alleged prosecutorial misconduct. We disagree.
 
 
 9
 We review for abuse of discretion the district court's choice of a sanction for the government's violation of a discovery order. United States v. Jennings, 960 F.2d 1488, 1490 (9th Cir.1992). The sanction must be proportionate to the misconduct. United States v. Jacobs, 855 F.2d 652, 655 (9th Cir.1988).
 
 
 10
 At trial, Gary Cowan testified that Richard Chrisman told him Ausmus was a partner in the marijuana cultivation operation. Ausmus sought to impeach Cowan with a prior inconsistent statement in which he denied knowing Ausmus. Ausmus intended to show that Cowan's testimony was influenced by his recent arrest. Instead, Cowan testified that he had told investigators he knew about Ausmus' involvement. That disclosure had occurred before Cowan's arrest and one week before trial.
 
 
 11
 Initially, the district court believed that the government had not disclosed Cowan's most recent statement to the defense and offered to strike the testimony. Ausmus declined because he did not want to draw attention to the testimony. Later, the district court discovered that the government had disclosed all of Cowan's statements but a question remained as to whether it had disclosed the timing of Cowan's most recent statement.
 
 
 12
 At the end of trial, Ausmus proposed the following jury instruction:
 
 
 13
 In the instant case, the Government has mislead [sic] the defense as to the previous testimony of one of its witnesses, Gary Cowan. Such conduct can be taken by you as an indication that either the Government has an absence of sufficient evidence to convict or that it reflects shoddy Government efforts that have failed to unearth admissible evidence.
 
 
 14
 After having viewed all of the evidence in this case you may consider this fact and give it as much weight as you think it deserves.
 
 
 15
 The court rejected the instruction stating that "the very heavy medicine of a court admonition that [the government's] conduct may suggest an effort to bolster a weak case" was inappropriate "given the character of the information that was not conveyed."
 
 
 16
 Here, the district court found that the government's behavior was not its "finest hour" but concluded that the government had disclosed Cowan's statements. Moreover, Ausmus could have had the testimony stricken but declined to do so for strategic reasons. In these circumstances, we conclude the district court did not abuse its discretion by rejecting the proposed jury instruction as a sanction for the alleged misconduct. Cf. Jennings, 960 F.2d at 1492 (district court abused discretion by excluding government witnesses as a sanction for violation of discovery order); Jacobs, 855 F.2d at 655 (dismissal of indictment not appropriate when government had complied fully with discovery order).[2]
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we conclude that the facts do not support Ausmus' argument, we do not reach the government's contention that the elements of accessory after the fact are not a subset of the elements of Ausmus' charged offenses. Cf. United States v. Vasquez-Chan, 978 F.2d 546, 554-55 (9th Cir.1992) (misprison of a felony is not a lesser included offense of conspiracy and possession because elements of the lesser offense must be a subset of the elements of the charged offenses)
 
 
 [2]
 To the extent that Ausmus attempts to raise an argument that his prosecution in federal rather than state court violated his due process rights, that argument is foreclosed unless the defendant can prove that the decision was arbitrary or based upon impermissible discrimination. See United States v. Nance, 962 F.2d 860, 865 (9th Cir.1992)