26 F.3d 133
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ramon BONILLO-CASTRO, Defendant-Appellant.
 No. 93-50511.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 14, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ramon Bonillo-Castro appeals his 120-month sentence imposed following remand from this court for resentencing. Bonillo-Castro was originally sentenced following entry of a guilty plea to possession with intent to distribute heroin in violation of 21 U.S.C. Sec. 841(a)(1), and carrying a firearm during the commission of a narcotics offense in violation of 18 U.S.C. Sec. 924(c)(1). Pursuant to Anders v. California, 386 U.S. 738 (1967), Bonillo-Castro's counsel filed a motion to withdraw as counsel of record and submitted a brief identifying two possible issues for review: (1) whether the district court erred by failing to recuse itself for judicial bias, and (2) whether the district court erred by deciding that Bonillo-Castro failed to present evidence of gender discrimination in the prosecutorial charging and plea bargaining decisions. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.[1]
 
 
 3
 A judge shall disqualify herself in any proceeding in which her impartiality might reasonably be questioned. See 28 U.S.C. Sec. 455(a). Although the failure to make a recusal motion to the district court does not preclude raising the issue of recusal on appeal, the party raising the issue bears a greater burden of demonstrating that the district court erred. See Pau v. Yosemite Park and Curry Co., 928 F.2d 880, 885 (9th Cir.1991).
 
 
 4
 Absent proof of discrimination based on suspect characteristics, i.e., race or gender, a court may not review a prosecutor's decision to charge a particular defendant. See United States v. Nance, 962 F.2d 860, 864-65 (9th Cir.1992); United States v. Redondo-Lemos, 955 F.2d 1296, 1302 (9th Cir.1992). To sustain his burden, a defendant must present sufficient evidence "to demonstrate a reasonable inference of invidious discrimination." Id.
 
 
 5
 Here, the district court's comments reveal no evidence of pervasive bias or prejudice toward Bonillo-Castro. Thus, Bonillo-Castro failed to sustain his burden. See Pau, 928 F.2d at 885. Bonillo-Castro presented no evidence that the government pursued departures under U.S.S.G. Sec. 5K1.1 more frequently for female defendants than for male defendants. Because Bonillo-Castro failed to present evidence of gender discrimination in the prosecutorial charging and plea bargaining decisions, we hold the district court did not err by finding that he failed to demonstrate a reasonable inference of gender discrimination. See Redondo-Lemos, 955 F.2d at 1302.
 
 
 6
 Accordingly, counsel's motion to withdraw is GRANTED and the district court's judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 78 (1988), discloses no other issues for review