45 F.3d 437
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff/Appellant,
v.
Salvador GUZMAN-PEREZ, Defendant/Appellee.
 No. 92-30143.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1994.*
Decided Dec. 16, 1994.
 
 Before: D.W. NELSON, TROTT, T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We are sympathetic to the frustrations expressed by the sentencing judge in this case. Nevertheless, the Guidelines represent the law and must be adhered to until repealed or changed.
 
 
 3
 In this case, a searching review of the record indicates that the central basis for the sentencing judge's downward departure was the small quantity of narcotics sold in the relevant transaction. Such a focus falls short of the test now sanctioned by our opinion in United States v. Reyes, 8 F.3d 1379 (9th Cir.1983), a test that requires a sentencing judge considering a downward departure in a career offender context to consider "the comparative treatment of offenders with the same career offender base offense level...." Id. at 1385-86. The key in this regard is the criminal history of the defendant, and as Reyes points out, not "every offender caught with small quantities of drugs will benefit from this evaluation." Id. at 1387.
 
 
 4
 In the instant case, unlike Reyes, Guzman-Perez's extended criminal history does not "uniformly involve 'minor' offenses." Id. at 1387. To the contrary, Guzman-Perez's relevant and protracted criminal history describes exactly the kind of career offender for which the category was created. Unlike Reyes, for example, Guzman-Perez--who has only been in the United States since 1984--has a 1985 conviction for residential burglary during which he stole two shotguns. He followed his jail sentence for this burglary with a conviction in 1988 for selling cocaine; and he tacked onto that a conviction in 1989 for possessing marijuana for sale followed by a separate conviction in that year for giving a false name to a police officer.
 
 
 5
 Based on this evidence, and particularly the residential burglary, any conclusion that Guzman-Perez should not be punished as a career offender was clearly erroneous and an abuse of discretion. It was patently not appropriate given this defendant's persistent commission of serious offenses to "switch off the career offender sanctions" notwithstanding the amount of drugs he sold in the instant offense. He is a demonstrated recidivist and merits consistent treatment with others of a similar criminal propensity.
 
 
 6
 Moreover, the district court erred in adversely considering the federal government's policy to target Old Town for focused enforcement of the law. Such a factor is simply irrelevant and beyond any supervisory powers of the judiciary over the Executive Branch of government. See United States v. Nance, 962 F.2d 860, 864 (9th Cir.1992) ("Prosecutorial decisions on whether and what to charge are almost completely discretionary.").
 
 
 7
 Accordingly, we respectfully vacate the defendant's sentence and remand for resentencing with instructions to sentence the defendant as a career offender level 30, category (VI) (168-210 months).
 
 
 8
 VACATED and REMANDED for resentencing.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.Rule 36-3