114 F.3d 1196
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Wayne JONES, Defendant-Appellant.
 No. 96-50364.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 6, 1997.
Decided May 15, 1997.
 
 1
 Before: BROWNING and SCHROEDER, Circuit Judges, and RESTANI, U.S. Court of International Trade Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Michael Wayne Jones appeals from his conviction of possession of cocaine with intent to distribute, 18 U.S.C. § 841(a), and being a felon in possession of ammunition, 18 U.S.C. § 922(g). Jones' only claims with arguable merit relate to his patdown search and to the seizure of cocaine and ammunition from his house after a search pursuant to a warrant.
 
 The Patdown Search
 
 4
 Jones claims he did not consent to the patdown, and that the deputy lacked reasonable suspicion under Terry v. Ohio, 392 U.S. 1 (1968). The deputy testified that Jones consented to the patdown.
 
 
 5
 The district court found the deputy to be credible, and the defendant to be incredible. Based on those credibility determinations, the court found that Jones had consented to the search. Jones gives no reason for this court to reject the district court's credibility findings. Accordingly, we affirm the district court's finding of consent. Because Jones consented, the patdown search was lawful, and the cocaine found was properly admitted. See Schneckloth v. Bustamante, 412 U.S. 218, 222 (1973).
 
 The Search of the House
 A. Probable Cause
 
 6
 Jones contends that the information supporting the request for a search warrant was stale, and showed no probable cause that the cocaine would be found in his home two weeks after his last known purchase. Under Ninth Circuit authority,
 
 
 7
 [a] search warrant is not stale where "there is sufficient basis to believe, based on a continuing pattern or other good reasons, that the items to be seized are still on the premises." With respect to drug trafficking, probable cause may continue for several weeks, if not months, of the last reported instance of suspect activity.
 
 
 8
 United States v. Nance, 962 F.2d 860, 864 (9th Cir.1992) (quoting United States v. Angulo-Lopez, 791 F.2d 1394, 1399 (9th Cir.1986)). A magistrate may "draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense." Angulo-Lopez, 791 F.2d at 1399. The magistrate need not determine that the evidence is more likely than not to be found in the place to be searched, only that "it would be reasonable to seek the evidence in the place indicated in the affidavit." United States v. Terry, 911 F.2d 272, 275 (9th Cir.1990). "In the case of drug dealers, evidence is likely to be found where the dealers live." Id.; Angulo-Lopez, 791 F.2d at 1399.
 
 
 9
 The wiretap information in the affidavit showed that Jones and at least one other person had conducted drug transactions from Jones' home, and that Jones was a regular customer of Wilson's. The magistrate was justified in finding probable cause that evidence of drug activity would be found in Jones' home.
 
 B. Scope of the Search
 
 10
 Jones argues that the seizure of the ammunition violated his Fourth Amendment rights, because its seizure was not authorized by the warrant. Jones' argument is unavailing, because the ammunition was found in plain view and was lawfully seized independent of the warrant.
 
 
 11
 Jones' closet was a place drugs, cash, or records of drug transactions, the items enumerated in the warrant, could have been located. Accordingly, the agent searching the closet was lawfully there pursuant to the warrant. Once lawfully there, he saw the ammunition, and immediately recognized its illegality. The agent was therefore entitled to seize the ammunition under the "plain view" doctrine. See Minnesota v. Dickerson, 113 S.Ct. 2130, 2136-37 (1993); United States v. Simpson, 10 F.3d 645, 647 (9th Cir.1993).
 
 Other Arguments
 
 12
 Jones' claim of selective prosecution and his claim that the district court lacked jurisdiction are patently frivolous. His argument that 18 U.S.C. § 922(g) exceeds Congress' authority under the Commerce Clause is foreclosed by our decision in United States v. Hanna, 55 F.3d 1456 (9th Cir.1995), a case decided after United States v. Lopez, 115 S.Ct. 1624 (1995). See Hanna, 55 F.3d at 1462 n. 2; see also United States v. Collins, 61 F.3d 1379, 1383-84 (9th Cir.1995) (following Hanna and concluding that § 922(g) does not violate the Tenth Amendment).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The Honorable Jane A. Restani, United States Court of International Trade, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3