**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Waring PARK, Defendant—Appellant.**

**No. 01–30409.**
**D.C. No. CR–01–04050–JPC.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2003.*

Decided March 17, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

## MEMORANDUM**

Waring Park appeals pro se the district court's affirmance of his conviction by a magistrate judge of camping in the Ashland Watershed in violation of 36 C.F.R. § 261.58(e). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3231, and we affirm.

The district court properly concluded that the magistrate judge had jurisdiction to conduct a bench trial on the petty offense charge without Park's consent. *See* 28 U.S.C. § 636(a)(3) & (4); 18 U.S.C. § 3401(b); *see also* 18 U.S.C. § 19 (defining petty offense); 36 C.F.R. § 261.1b (stating penalty for violations of Part 261 include imprisonment of not more than six

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

months); *U.S. v. Clavette*, 135 F.3d 1308, 1309 (9th Cir.1998) ("Any offense punishable by a prison term of six months or less is presumed to be petty.").

■ Because Park appeals his conviction, we view the record in the light most favorable to the Government and determine whether a rational trier of fact could have found the elements of the crime proved beyond a reasonable doubt. *See U.S. v. Willfong*, 274 F.3d 1297, 1300 (9th Cir.2001). The evidence supports a finding that Park camped within the boundaries of the Ashland Watershed.

Because Park did not object to the admission of Exhibits 2 and 3 or the testimony of witness Dalke at trial, we review the admission of this evidence for plain error. *See U.S. v. Tisor*, 96 F.3d 370, 376 (9th Cir.1996). We find none.

■ We review de novo whether the district court erred by failing to provide Park with a free transcript and must reverse unless the failure to do so was harmless error. *U.S. v. Devlin*, 13 F.3d 1361, 1363 (9th Cir.1994). Because the district court had granted Park's motion to proceed in forma pauperis, the court erred by denying his requests to be provided with the trial transcript. *See* 18 U.S.C. § 3401(e) (stating that the court shall provide a transcript of a proceeding before a magistrate judge to a person who establishes the inability to pay); Fed.R.Crim.P. 58(g)(1)(C) (accord). However, because Park received the transcript and presented his arguments regarding alleged trial errors to this court, he has not been prejudiced and any error was harmless. *Cf. id.* at 1364–65 (concluding error not harmless where defendant established actual prejudice).

■ We reject Park's contention that his prosecution violated due process or equal protection because the mere fact that he had previously filed a civil action against Ranger Linda Duffy was insufficient evidence that his prosecution was improperly motivated. *See U.S. v. Nance*, 962 F.2d 860, 865 (9th Cir.1992) (per curiam); *see also U.S. v. Garza–Juarez*, 992 F.2d 896, 905–06 (9th Cir.1993) (discussing vindictive prosecution). Similarly, the district court did not abuse its discretion by denying Park's motion to consolidate the civil and criminal cases. *See Investors Research Co. v. U.S. Dist. Court*, 877 F.2d 777, 777 (9th Cir.1989) (order).

We reject as meritless Park's contentions that his conviction violated the United Nations charter and that the magistrate judge was biased against him.

We have not considered Park's arguments regarding his civil case against Ranger Duffy or the exhibits he submitted for the first time on appeal.

We deny Park's request for an extension of time to provide a statement regarding oral argument.

**AFFIRMED.**