**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 26 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10287 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00051-MMD-WGC-1 |
| v. | |
| ANTONIO MOGROS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted December 20, 2018**
San Francisco, California

Before: CALLAHAN, N.R. SMITH, and MURGUIA, Circuit Judges.

Antonio Mogros pleaded guilty to possession with intent to distribute

methamphetamine and possession of a firearm in furtherance of a drug crime. He

received a 15-year sentence. His conditional plea preserved the right to appeal the

district court's ruling on Mogros's motion to suppress and request for a hearing

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under *Franks v. Delaware*, 438 U.S. 154 (1978).

On appeal, Mogros argues that the searches and seizures giving rise to his arrest violated the Fourth Amendment, and the evidence obtained as a result should be suppressed. The district court denied Mogros's motion to suppress and Mogros's request for a *Franks* hearing. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     The Court reviews the denial of a motion to suppress and the denial of a *Franks* hearing de novo. *United States v. Crawford*, 372 F.3d 1048, 1053 (9th Cir. 2004) (en banc); *United States v. Kleinman*, 880 F.3d 1020, 1038 (9th Cir. 2017). The district court's underlying findings of fact are reviewed for clear error. *United States v. Gorman*, 859 F.3d 706, 714 (9th Cir. 2017).

2.     At the time officers stopped the vehicle Mogros was travelling in, probable cause existed for his arrest. *See United States v. Gonzales*, 749 F.2d 1329, 1337 (9th Cir. 1984). Whether officers had probable cause for a warrantless arrest is reviewed de novo. *United States v. Brobst*, 558 F.3d 982, 997 (9th Cir. 2009). Here, Wilkins had identified Mogros to detectives; detectives had listened in as Mogros agreed to sell methamphetamine and heroin to Wilkins; detectives observed conduct at the motel consistent with drug transactions; and Mogros left his motel room and traveled in the general direction of the arranged drug sale. Under the "totality of the facts and circumstances" present here, officers

reasonably believed there was a "fair probability" Mogros had committed a crime. *United States v. Struckman*, 603 F.3d 731, 739 (9th Cir. 2010). Therefore, probable cause existed for Mogros's warrantless arrest.

3. Because officers had probable cause to arrest Mogros, officers were also entitled to search Mogros incident to that arrest. *Id*. The officers' search of Mogros was consistent with a typical search incident to arrest. *See Terry v. Ohio*, 392 U.S. 1, 16, 17 n.13 (1968). When that search revealed what officers reasonably believed to be illegal drugs hidden within Mogros's underwear, officers did not violate the Fourth Amendment by removing the drugs in a reasonable manner. *See United States v. Mattarolo*, 209 F.3d 1153, 1158 (9th Cir. 2000).

4. The district court also correctly determined that the warrant authorizing the search of Mogros's motel room was supported by probable cause. *See Illinois v. Gates*, 462 U.S. 213, 238-39 (1983). The district court's determination that probable cause existed for a search warrant is reviewed de novo. *United States v. Reeves*, 210 F.3d 1041, 1044 (9th Cir. 2000). Even if evidence from the canine search and the officers' entry into the motel room is excised from the warrant affidavit, the affidavit still provided the Justice of the Peace with an adequate factual foundation to conclude that probable cause existed to search the motel room. Detectives knew Mogros was staying in the motel room; detectives had observed Mogros engaging in activity consistent with drug sales; detectives

3

heard Mogros tell Wilkins that Mogros had "re-upped" his supply of drugs; and Mogros was in possession of drugs when officers arrested him. These facts, taken together, establish a "reasonable probability" that evidence of a crime would be found in Mogros's motel room. *See United States v. Nance*, 962 F.2d 860, 864 (9th Cir. 1992).

5.     Finally, the district court correctly concluded Mogros was not entitled to a *Franks* hearing. To obtain a *Franks* hearing, the defendant must show that the warrant affidavit contained (1) intentionally or recklessly false statements or misleading omissions, and (2) the affidavit cannot support a finding of probable cause without the false information (*i.e.*, the statements were material). *Kleinman*, 880 F.3d at 1038. Even assuming Mogros established the inclusion of false statements or omissions, he cannot establish their materiality. As the district court correctly determined, none of the alleged inconsistencies are material to the underlying facts used to establish probable cause.

**AFFIRMED**.