**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 17-30068 |
| Plaintiff-Appellee, | D.C. No. 3:16-CR-00058-SLG |
| v. | |
| ARNOLD WESLEY FLOWERS, | |
| Defendant-Appellant. | MEMORANDUM* |

| | |
|---|---|
| UNITED STATES OF AMERICA, | 17-30069 |
| Plaintiff-Appellee, | D.C. No. 3:16-CR-00035-SLG |
| v. | |
| ARNOLD WESLEY FLOWERS, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Argued and Submitted February 7, 2019
Seattle, Washington

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: IKUTA and CHRISTEN, Circuit Judges, and FREUDENTHAL,** District Judge

In consolidated appeals, Defendant-appellant Arnold Wesley Flowers challenges his convictions in two separate criminal cases. Separate juries convicted Flowers of one count of possession of cocaine with intent to distribute and one count of possession of a firearm by a convicted felon (Appeal No. 17-30069), and 12 counts of wire fraud (Appeal No. 17-30068). The district court consolidated the cases for sentencing and sentenced Flowers to 75 months imprisonment in each case, to be served concurrently, followed by a five-year term of supervised release. Flowers makes several claims of error related to both convictions. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## Appeal No. 17-30069 – Drug and Felon in Possession Conviction

Flowers claims the district court erred in denying his motion to suppress evidence from a search of his home. We review a district court's denial of a motion to suppress evidence *de novo* and review the district court's factual findings for clear error. *United States v. Job*, 871 F.3d 852, 859 (9th Cir. 2017). The district court did not err in denying the motion to suppress because the affidavit supporting the search warrant contained ample evidence to find probable cause to support the warrant. *See*

---

** The Honorable Nancy D. Freudenthal, United States District Judge for the District of Wyoming, sitting by designation.

2

*Illinois v. Gates*, 462 U.S. 213, 238-239 (1983). Smith, a resident at Flowers's house, was involved in two prior controlled heroin buys and there was evidence indicating Smith was distributing drugs out of the residence. These facts establish a reasonable probability that evidence of a crime would be found in Flowers's residence. *See United States v. Nance*, 962 F.2d 860, 864 (9th Cir. 1992).

Flowers also claims the district court erred in admitting evidence of a drive-by shooting at his prior residence. We review the district court's rulings regarding the relevancy and the prejudicial effect of evidence for abuse of discretion. *United States v. Kallin*, 50 F.3d 689, 693 (9th Cir. 1995). Flowers was a victim of the shooting, so this was not evidence of Flowers's prior bad acts, which is generally inadmissible under Rule 404(b) of the Federal Rules of Evidence. *See United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982). Thus, the issue is whether the evidence was relevant and whether the "probative value [wa]s substantially outweighed by a danger of . . . unfair prejudice[.]" Fed. R. Evid. 403. The district court did not err in finding the evidence was relevant to show Flowers was engaged in drug distribution and to explain why Flowers would possess a firearm. Flowers had an opportunity to provide other explanations for the shooting, therefore the evidence was not unfairly prejudicial.

Flowers also claims there was insufficient evidence to support his convictions for drug distribution and felon in possession of a firearm. We review challenges to

the sufficiency of the evidence de novo. *United States v. Sullivan*, 522 F.3d 967, 974 (9th Cir. 2008). In reviewing the evidence in the light most favorable to the prosecution, there was more than sufficient evidence for the jury to find Flowers possessed cocaine for distribution. Officers found six ounces of individually packaged cocaine in Flowers's bathroom and approximately $28,000.00 in his bedroom. Officers also found plastic baggies and a digital scale in the same area of the home.

There was also sufficient evidence to support Flowers's conviction for being a felon in possession. Officers found guns in two safes in Flowers's bedroom. One of the safes contained Flowers's passport and other documents. A witness testified he saw Flowers open the safe containing one of the guns. Finally, surveillance footage showed Flowers hauling the safes to and from the storage facility and opening the safes.

Flowers challenges the district court's imposition of the two-level firearm enhancement under U.S.S.G. § 2D1.1(b)(1). The district court did not err in imposing the enhancement. *United States v. Boykin*, 785 F.3d 1352, 1364 (9th Cir. 2015). The safes contained significant amounts of money and were in the same general area as the cocaine and distribution materials, and two officers testified that the safe with one of the guns smelled of cocaine.

Flowers also challenges the enhancement for maintaining a premises for the purpose of distributing controlled substances under U.S.S.G. § 2D1.1(b)(12). As previously noted, officers found guns, drugs, and packaging materials at Flowers's residence. "We review a district court's . . . application of the Guidelines to the facts for abuse of discretion." *United States v. Simon*, 858 F.3d 1289, 1293 (9th Cir. 2017) (en banc) (citation and alternation omitted). The district court did not abuse its discretion in finding this evidence supported the enhancement.

## Appeal No. 17-30068 – Wire Fraud

Flowers challenges the district court's denial of his motion to suppress the search of a storage locker. The district court did not err in denying the motion. Even omitting evidence of the dog alert, the affidavit supporting the search warrant contained adequate facts to support a finding of probable cause. *Gates*, 462 U.S. at 238. Surveillance showed Flowers frequently accessing the lockers for short periods. Earlier, officers found handguns, cocaine and a significant amount of currency in Flowers's home. The totality of these facts, taken together, establish a reasonable probability that evidence of a crime would be found in the storage locker. *Nance*, 962 F.2d at 864.

Flowers also asserts prosecutorial misconduct, claiming the prosecutor asked Flowers's wife, Miranda, to comment on Flowers's truthfulness. Flowers also claims the prosecutor made improper remarks in closing arguments. Flowers failed

5

to object to the questions to Miranda, so we review for plain error. *United States v. Reyes,* 660 F.3d 454, 462 (9th Cir. 2011). To establish plain error, a defendant must show that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 263 (2010) (internal quotation marks omitted). Flowers failed to establish the questions to Miranda were plain error or that they materially affected the fairness of the trial. Miranda never testified about Flowers's credibility. Additionally, the questions to Miranda were a small portion of the significant evidence against Flowers in the wire fraud case.

Flowers also claims the prosecutor's closing statement recounting testimony from the insurance adjuster that insurance fraud causes all insured's rates to go up was improper. Prosecutors may not urge the jury to convict in order to alleviate societal problems. *United States v. Weatherspoon*, 410 F.3d 1142, 1149 (9th Cir. 2005). "Where the defendant has objected to alleged prosecutorial misconduct at trial, we review for harmless error." *United States v. Alcantara-Castillo*, 788 F.3d 1186, 1190 (9th Cir. 2015). The prosecutor recounted admitted testimony one time before continuing to another topic. Even if the prosecutor's remarks were improper, they did not materially affect the fairness of the trial. As previously noted, the

6

evidence against Flowers was significant, and the outcome was not affected by the prosecutor's single statement during closing arguments. *United States v. Sanchez*, 659 F.3d 1252, 1260 (9th Cir. 2011) (an "important factor contributing to the prejudicial effect of improper statements is the strength of the case against a defendant.") (citations omitted).

**Both Appeals**

Finally, we find the district court did not err in failing to provide Flowers with the *in camera* documents. These documents did not contain any information requiring disclosure pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963).

**AFFIRMED.**