81 F.3d 168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lewis Edward FRANKLIN, Plaintiff-Appellant,
v.
STATE OF OREGON, et al.; City of Portland; Pat Campbell,
OPS/Youth Gang Task Force Officer; Steve Hollingsworth;
Glen Campbell; Keith Killian; Bill Brooks; Bob King; et
al., Defendants-Appellees.
Lewis Edward FRANKLIN, Plaintiff-Appellant,
v.
Charles H. TURNER; Michael J. Brown; Neil Goldschmidt;
David Frohnmayer; Bud Clark; Michael Shrunk,
Defendants-Appellees.
 Nos. CA 94-35364, CA 94-35768.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 9, 1995.
Decided March 26, 1996.
 
 Before: CANBY, REINHARDT and O'SCANNLAIN, Circuit Judges*.
 MEMORANDUM**
 In these cases, Lewis Edward Franklin, a federal prisoner, appeals the dismissal of two nearly-identical civil rights actions. We consolidate the two appeals for purposes of disposition. The amended complaints in both actions were dismissed under Fed.R.Civ.P. 12(b) (6) for failure to state a claim. The gravamen of both complaints was that the defendants, various state, city and federal officials, violated 42 U.S.C. §§ 1981, 1983, 1985, and 1986 by conspiring to direct the activities of a state "Youth Gang Strike Force" to target Blacks, and to refer Black law violators to federal court for more severe prosecution than is accorded other violators in state court.
 The district court dismissed the complaints in both actions because of a number of deficiencies. There were insufficient allegations to connect some of the individually named defendants to the allegedly unconstitutional activities. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). There were insufficient allegations of fact to support claims of discriminatory intent, see Branch v. Tunnell, 14 F.3d 449, 452 (9th Cir.), cert. denied, 114 S.Ct. 2704 (1994), and conspiracy. To the extent that state officials were being sued in their official capacity, the Eleventh Amendment barred suit. Han v. United States Dep't of Justice, 45 F.3d 333, 338 (9th Cir.1995).
 We find no fault in these rulings. The only issue is whether dismissal without leave to amend was appropriate. We have consistently required that, when a pro se plaintiff's complaint is insufficient because of failure to allege sufficient facts or because of conclusionary allegations, the deficiencies of the complaint must be explained to the plaintiff and he or she must be given an opportunity to correct the deficiencies. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir.1992); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir.1984). Our review of the record leads us to conclude that the deficiencies of Franklin's complaint were not made clear to Franklin in a manner that gave him an opportunity to correct the deficiencies by amendment if he could. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623-24 (9th Cir.1988). Accordingly, leave to amend could be denied with regard to a claim only if it was "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Id. at 623 (quoting Noll, 809 F.2d at 1448 (additional quotation omitted)). Applying that standard, we conclude that denial of leave to amend was proper with regard to Franklin's due process claim, but not with regard to his equal protection claim.
 Due Process
 There are incurable defects in Franklin's claim that his due process rights were violated by his referral for federal prosecution without adequate standards. A neutral written policy is not required for such referrals, and the decision whether or not to bring a federal charge is within the prosecutor's discretion. United States v. Nance, 962 F.2d 860, 864 (9th Cir.1992). A motive of obtaining a harsher sentence does not violate due process. Id. at 864-65. Nor can Franklin state a claim for relief even upon a showing of arbitrariness (apart from invidious discrimination). United States v. Redondo-Lemos, 955 F.2d 1296, 1300 (9th Cir.1992). Accordingly, there is no way to cure the deficiencies in Franklin's statement of his due process claim.
 Equal Protection
 Franklin alleged that Blacks were being prosecuted in federal court for crack cocaine violations when white gang members who committed different, serious crimes, were being prosecuted in state court. The allegation was insufficient to state a selective prosecution claim because Franklin failed to allege that Blacks were being prosecuted when other people similarly situated were not. See United States v. Bourgeois, 964 F.2d 935, 938 (9th Cir.), cert. denied, 506 U.S. 901 (1992). Franklin was not informed why that allegation was deficient.
 Franklin also alleged that the Strike Force was constructed to investigate "95% more 'African Americans' in a population of 450,000" in Portland, which was 8% African-American. This allegation is not entirely clear, but might be re-pleaded as a significant statistical disparity that would state a colorable claim of selective enforcement or selective prosecution under United States v. Armstrong, 48 F.3d 1508, 1513-14 (9th Cir.), cert. granted, 116 S.Ct. 377 (1995). If the disparity alleged is sufficiently substantial, it could also serve as a sufficient allegation of discriminatory intent. See id. at 1513.
 We conclude, therefore, that Franklin should be allowed to replead his equal protection claims under 42 U.S.C. §§ 1983, 1985, and 1986. He should first be informed that, to state a claim for selective prosecution or enforcement, he must allege specific facts that: (1) defendants referred Blacks to federal court for prosecution and more severe sentences when persons of other races engaged in the same conduct were treated more leniently; or that Blacks were otherwise investigated or arrested when others engaged in the same conduct were not; (2) the instances must be sufficiently numerous to permit an inference of discriminatory intent, or he must allege other facts permitting an inference of discriminatory intent; (3) he must allege the connection and participation of each named defendant in the allegedly discriminatory activity; and (4) he must allege that the defendants acted under color of state law or allege facts showing that particular defendants conspired with those acting under state law.
 If, after being so informed, Franklin is unable to state a claim for violation of equal protection, his complaint may be dismissed without leave to amend. Needless to say, Franklin is entitled on remand to only one additional opportunity; the district court may consolidate these two duplicative cases and permit only one additional amended complaint to be filed.
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4. Judge Tang was originally a member of this panel. He died prior to circulation of this disposition, and pursuant to General Order 3.2(g), Judge O'Scannlain was drawn as a replacement. Judge O'Scannlain was provided with the briefs and other materials received by the other members of the panel
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3